IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV INC.,

      Plaintiff,                   No. CIV S-04-2407 GEB GGH

 vs.

GLEN BOWEN,                   ORDER AND
                                   FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

      Presently before the court is plaintiff's motion for entry of default judgment against defendant Bowen, filed May 25, 2005.[1]  Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

BACKGROUND

      On November 12, 2004, plaintiff filed the underlying complaint in this action against defendant Bowen, alleging defendant purchased and used a pirate access device to permit viewing of plaintiff's direct broadcast satellite system programming, in violation of, inter alia, the Communications Act, 47 U.S.C. § 605 and the Federal Wiretap Laws, § 2511(1)(a).  The

_____

[1]  The matter was originally scheduled for hearing on July 21, 2005; however, it was vacated after the court determined that a hearing was not necessary.  Order, filed July 11, 2005.

1  complaint alleges defendant Bowen purchased one Pirate Access Device from Hcard, a

2  "Scorpion Pro Plus Hu Loader."  The summons and complaint were served on defendant Bowen

3  on December 29, 2004.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main

4  Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal

5  jurisdiction).  Defendant Bowen has failed to file an answer or otherwise appear in this action.

6  The clerk entered default against defendant Bowen on February 3, 2005.

7         Notice of entry of default and the instant motion for default judgment and

8  supporting papers were served by mail on defendant Bowen at his last known address.

9  Defendant Bowen did not file an opposition to the motion for entry of default judgment.  Plaintiff

10  seeks an entry of default judgment in the amount of $10,000 against defendant Bowen.

11  DISCUSSION

12         Entry of default effects an admission of all well-pleaded allegations of the

13  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

14  1977).  The court finds the well pleaded allegations of the complaint state claims for which relief

15  can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

16         The court is aware of the discrepancy in the relief requested in the complaint in

17  the event of default and the relief requested in the instant motion.  The complaint requests, in the

18  event of default, an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications

19  Act) and pursuant to 18 U.S.C. § 2520(c)(2) (The Wiretap Act).  Complaint at 7:3-5.  Section

20  605(e)(4), however, prohibits manufacture, assembly, modification, import, export, sale or

21  distribution of pirate access devices.  It does not apply to possessors or users of pirate devices,

22  such as defendant.  Notwithstanding the prayer of the complaint, the instant motion for default

23  judgment requests damages pursuant to 18 U.S.C. § 2520(a), 47 U.S.C. § 605(e)(4), or § 605(a).

24  The complaint prays for 18 U.S.C. § 2520(c)(2) relief as well as relief under 47 U.S.C.§

25  605(e)(3)(C)(i)(II) in the event of trial.  Complaint at 7:6-8.  In any event, 18 U.S.C. § 2520 (a)

26  does permit a private cause of action against users of pirate devices.  Compare Directv, Inc., v.

2

1   EQ Stuff, Inc., 207 F.Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of

2   pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of

3   action for *possessor* of pirate devices).  In a private action against a user of a pirate device,

4   section 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or

5   $10,000.  Plaintiff seeks an award of $10,000 against defendant Bowen.

6           Whether to award damages under the wiretap law may be discretionary.

7   Compare Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Romano v. Terdik, 939 F. Supp. 144

8   (D.Conn. 1996); with Menda Biton v. Menda, 812 F. Supp. 283 (D. Puerto Rico 1993) (no

9   discretion).

10          The court deems defaulting defendant, by his failure to appear or defend this

11  action, to have waived any objections to the statutory source of the damages prayed for in the

12  instant motion.  The memorandum of points and authorities and affidavits filed in support of the

13  motion for entry of default judgment supports the finding that plaintiff is entitled to the relief

14  requested.  There are no policy considerations which preclude the entry of default judgment of

15  the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

16                      Attorneys' Fees and Costs

17          Directv also seeks $2,567.50 in attorneys' fees, and costs in an undetermined

18  amount.  Under 47 U.S.C. § 605(e)(3)(B)(iii), plaintiff is entitled to such fees and costs pursuant

19  to § 605(e)(4).  Other than the claimed fees for a hearing which never transpired, the court finds

20  the requested attorneys' fees to be reasonable and grants plaintiff's request in part in the amount

21  of $1,922.50 ($2,567.50 less $645 for three hours at a hearing).  Plaintiff may submit a bill of

22  costs in accordance with Federal and local rules.

23  CONCLUSION

24          In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion

25  for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of

26  $10,000 in damages and $1,922.50 in attorneys' fees against defendant Bowen.

3

1    In addition, IT IS ORDERED that the Clerk of the Court shall serve these findings

2 and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of

3 service of the instant motion.

4    These findings and recommendations are submitted to the Honorable Garland E.

5 Burrell Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

6 Within ten days after being served with these findings and recommendations, any party may file

7 written objections with the court and serve a copy on all parties.  Such a document should be

8 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

9 objections shall be served and filed within ten days after service of the objections.  The parties

10 are advised that failure to file objections within the specified time may waive the right to appeal

11 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: 10/28/05

13

14    /s/ Gregory G. Hollows

15    GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

16

17 GGH:076
direct2407.fr.wpd

18

19

20

21

22

23

24

25

26